PREET BHARARA  Hearing Date: April 7, 2016
United States Attorney for the  Hearing Time:  10:00 a.m.
Southern District of New York
By:  TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2822
Facsimile:  (212) 637-2702
E-mail:  talia.kraemer@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                              :
In re:                                                        :
                                                              :   Chapter 13
   ANTHONY BRIATICO,                                          :
                                                              :   Case No. 15-13197 (JLG)
              Debtor.                                         :
                                                              :
                                                              :
-----------------------------------------------------------------------x

## THE UNITED STATES OF AMERICA'S OBJECTION TO PLAN CONFIRMATION

The United States of America, on behalf of the Internal Revenue Service ("IRS"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this objection to the Amended Chapter 13 Plan (the "Amended Plan") proposed by debtor Anthony Briatico ("Debtor").  As set forth more fully below, the Amended Plan should not be confirmed because (i) Debtor failed to file his tax return for 2014 and (ii) the Amended Plan does not comply with Sections 1322 and 1325 of the Bankruptcy Code.

### BACKGROUND

1. On or about November 30, 2015, Debtor filed his voluntary petition (the "Petition") for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, as amended. *See* Docket No. 1.

2. On or about December 14, 2015, Debtor filed a Chapter 13 Plan (the "Original Plan"), which provided for Debtor to pay to the Trustee sixty (60) monthly installments of $800.00 for a total of $48,000.00 over the life of the plan. *See* Docket No. 9 at 1. The Original Plan listed the IRS as a creditor with an unsecured priority claim in the amount of approximately $46,000.00. *See id.* at 8.

3. On December 17, 2015, the IRS sent Debtor a letter notifying Debtor that he had not filed his federal tax return for tax year 2014 and requesting the unfiled return. Decl. of Maribel Sanchez ("Sanchez Decl.") ¶ 4. To date, the IRS has received no response to this letter. *Id.* ¶ 5.

4. On or about January 8, 2016, the IRS filed a Proof of Claim ("Proof of Claim") in this action. *See* Sanchez Decl. ¶ 7 & Ex. B. The Proof of Claim, executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, is deemed to "constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The total amount of the Proof of Claim is $135,098.66. Sanchez Decl. Ex. B. The Proof of Claim reflects a secured claim of $106,025.81 for due and owing federal income tax liabilities for tax years 2009 through 2012; an unsecured priority claim of $21,834.30 for due and owing federal income tax liability for tax year 2013 and estimated federal income tax liability for tax year 2014; and an estimated unsecured general claim of $7,238.55 for penalties to the date of the Petition on the IRS's unsecured priority claims. *Id.*

5. On or about March 21, 2016, Debtor filed the Amended Plan. Like the Original Plan, the Amended Plan provides for Debtor to pay to the Trustee sixty (60) monthly installments of $800.00 for a total of $48,000.00 over the life of the plan. *See* Docket No. 17 at

2

1. The Amended Plan lists the IRS as a secured creditor with a claim in the amount of $139,440.64. *See id.* at 3.

6. To date, Debtor has not filed a Form 1040 federal income tax return for tax year 2014. Sanchez Decl. ¶ 6. Debtor has not informed the IRS that he is not required to file this return, and the deadline for filing the return, including any extensions, has expired. *Id.* ¶ 6

## ARGUMENT

7. The Court should deny confirmation because (i) Debtor failed to file his tax return for 2014 and (ii) the Amended Plan does not comply with Sections 1322 and 1325 of the Bankruptcy Code.

8. Under Section 1308 of the Bankruptcy Code, a Chapter 13 debtor must file with the IRS, not later than the day before the first meeting of the creditors is scheduled to be held under Section 341 of the Bankruptcy Code, returns for all taxable periods for the four-year period that ends on the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 1308(a).

9. Debtor filed his Petition on or about November 30, 2015. According to the docket for this case, a Section 341(a) meeting of the creditors was scheduled for January 7, 2016. *See* Docket No. 5. Debtor was therefore obligated to file his 2014 federal income tax return by January 6, 2016. However, to date, Debtor's return for tax year 2014 remains unfiled. *See* Sanchez Decl. ¶ 6.

10. Failure to file prepetition tax returns as required under Section 1308 is a bar to confirmation of the debtor's plan. *See* 11 U.S.C § 1325(a)(9).[1] Accordingly, the Amended Plan should not be confirmed.

11. Debtor's failure to comply with his statutory obligations also renders it impossible to evaluate the Amended Plan properly. Because Debtor has not filed his federal income tax return for tax year 2014, the IRS is unable to determine the full extent of Debtor's pre-petition federal tax liabilities and, thus, the full amount of the IRS's priority claim. As stated above, the priority claim amount listed in the IRS's Proof of Claim is only an estimate. For this reason, the Amended Plan cannot be confirmed. *See* 11 U.S.C. § 1322(a)(2) (requiring that all priority claims be paid in full, unless the creditors agree to accept a lower amount).

12. Additionally, the Amended Plan cannot be confirmed because it does not provide for payment in full of the IRS's secured claim and the IRS's current estimated priority claim. Under Sections 1322 and 1325 of the Bankruptcy Code, a plan must provide for the payment in full of: (1) all priority claims, unless the creditors agree to different treatment of the claim, *see* 11 U.S.C. § 1322(a)(2); and (2) all secured claims, unless the secured creditors agree to accept a lower amount or receive the collateral securing the claims, *see id.* § 1325(a)(5).

13. As detailed above, the IRS's Proof of Claim reflects a secured claim of $106,025.81 and an estimated priority claim of $21,834.30. *See* Sanchez Decl. Ex. B. Yet the total amount of contemplated payments in the Amended Plan is $48,000, an amount plainly insufficient to cover the IRS's secured and priority claims.

---

[1] Failure to file prepetition tax returns is also grounds for dismissal of the debtor's Chapter 13 case, or, in the alternative, conversion of the case to a Chapter 7 proceeding. *See* 11 U.S.C. § 1307(e). The Government intends to move to dismiss or convert this case based on Debtor's failure to file the 2014 return.

4

14. The IRS has not consented to receiving anything less than full payment as the Code requires. Accordingly, the Plan cannot be confirmed. *See In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) ("Any plan lacking the requirements of § 1322(a)(2) (a full payment of priority claims) cannot be confirmed without the claim holder's consent."); *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994) (holding that a Chapter 13 plan must provide for the full payment of secured claims); *In re Eysenbach*, 183 B.R. 365, 367 (W.D.N.Y. 1995) (explaining that a "bankruptcy court may not confirm a Chapter 13 plan unless it provides for the full payment of all claims entitled to priority under 11 U.S.C. § 507" (internal quotation marks and alterations omitted)); *Fishman v. Epps*, Bankruptcy No. 79 B 10098, 1980 WL 20451, at *3-4 (Bankr. S.D.N.Y. May 15, 1980) (denying confirmation of Chapter 13 plan because, *inter alia*, the plan did not comply with 11 U.S.C. § 1325(a)(5) as to the secured creditors and the plan failed to provide for full payment of the IRS's priority tax claims as required by 11 U.S.C. § 1322(a)(2)).

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny confirmation of the Amended Plan.

Dated: March 28, 2016
New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Talia Kraemer
TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2822
Fax: (212) 637-2702
E-mail: talia.kraemer@usdoj.gov

5